IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD LEE ALEXANDER, § | | |
| TDCJ NO. 1932029, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-15-0184 |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

Ronald Lee Alexander, an inmate, has submitted a pleading entitled "Complaint for Injunctive Relief" in which he seeks police records in order to mount another challenge to his state court conviction for capital murder. The District Clerk has filed it as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing Alexander's petition and his prior litigation history relating to the murder conviction, the court has determined that the petition should be dismissed.

## I.   BACKGROUND

After finding Alexander guilty of raping a woman and then beating her to death with a car jack handle, a jury in Harris County, Texas, sentenced him to life imprisonment. *Alexander v. State*, No. 01-98-00505-CR, 1999 WL 959235 (Tex.

App. — Houston [1st Dist.] Oct. 21, 1999). After his direct appeal was affirmed, Alexander filed a motion for an extension of time to file a petition for discretionary review (PDR), which was granted by the Texas Court of Criminal Appeals. See Texas First Court of Appeals Website, http://www.1stcoa.courts.state.tx.us/. However, no PDR was filed. *See Alexander v. Cockrell*, No. H-01-564 (S.D. Tex. Sept. 9, 2002).

Alexander later filed an application for a writ of habeas corpus challenging the conviction pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Ex parte Alexander*, No. 12,025-2. On January 10, 2001, the Court of Criminal Appeals denied the habeas application, without a written order, on findings of the trial court. *See* Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/. Alexander subsequently filed two additional state habeas applications, which were dismissed as successive under Article 11.07 § 4. *Id.*, *Ex parte Alexander*, Nos. 12,025-3; 12,025-5. He also filed two petitions for mandamus, which the Court of Criminal Appeals denied without written order. *Id.*, Nos. 12,025-4; 12,025-6.

Alexander filed a federal petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2254, which this court dismissed, with prejudice, after granting the respondent's motion for summary judgment. *Alexander v. Cockrell*, No. H-01-0564 (S.D. Tex. Sept. 6, 2002). The United States Court of Appeals for the Fifth Circuit subsequently denied Alexander's request for a certificate of appealability. *Alexander*

*v. Cockrell*, No. 02-21047 (5th Cir. Mar. 6, 2003). Alexander filed an application for a writ of mandamus regarding a witness who testified against him at his murder trial. The court denied the application noting that Alexander had already had an opportunity to challenge his conviction in federal court. *Alexander v. Dretke*, No. H-01-02874 (S.D. Tex. Oct. 28, 2003). Alexander also filed a second federal habeas petition, which was dismissed as successive pursuant to 28 U.S.C. § 2244(b). *Alexander v. Dretke*, No. H-03-4389 (S.D. Tex. Oct. 24, 2003). In a third federal habeas action, Alexander again challenged the validity of the capital murder judgment by filing a "Petition for Coram Nobis" in which he alleged actual innocence, a *Brady* violation, and prosecutorial misconduct among other grounds for relief. Once again, the petition was dismissed as successive. *Alexander v. Thaler*, No. H-11-2454 (S.D. Tex. Jul. 7, 2011).

## II.     CLAIMS AND DISCUSSION

In the present action, Alexander seeks copies of medical records and court records relating to his capital murder conviction. Alexander has had an opportunity to challenge his conviction. He must file a motion seeking permission to make a successive challenge to the conviction in the Court of Appeals for the Fifth Circuit before filing another petition for a writ of habeas corpus in this Court. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). He may not challenge his state court conviction

again without obtaining leave from the Fifth Circuit. 28 U.S.C. § 2244(b); *In re Sepulvado*, 707 F.3d 550, 556-557 (5th Cir. 2013) (citing *United States. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (district court lacks jurisdiction over motion regarding successive challenge)).

Further, Alexander does not have an unqualified right to obtain free copies of criminal trial records hoping that he may find another ground to seek habeas relief in the courts. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *see also Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (Rule 6 of the Rules Governing § 2254 petitions does not entitle a habeas petitioner to discovery in order to pursue speculative claims or conclusory allegations); *Deem v. Devasto,* 140 F. App'x 574, 575 (5th Cir.2005) ("[T]here is no constitutional mandate that a habeas petitioner must be provided a free copy of his state habeas trial record.").

This action and the accompanying motion for release of records [Doc. # 2] will be **denied** because the Court has no jurisdiction over the matter and because Alexander has no right to obtain records free of charge in a final conviction. *Key*, 205 F.3d at 774; *Deem v. Devasto,* 140 F. App'x at 575 .

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a federal writ of habeas corpus challenging a state court decision under 28 U.S.C. § 2254 [Doc. # 1] is **DISMISSED** with prejudice as barred by the statute of limitations.

2. The motion for release of records [Doc. # 2] is **DENIED**.

The Clerk shall provide a copy of this order to the petitioner and will provide a copy of the petition and this Memorandum and Order to the respondent and the Attorney General by providing one copy to the Attorney General of the State of Texas, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548.

SIGNED at Houston, Texas, on  January 29, 2015.

_____
Nancy F. Atlas
United States District Judge